

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2005

# Collins v. Phila Housing Auth

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2344

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Collins v. Phila Housing Auth" (2005). *2005 Decisions.* Paper 1410.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1410

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-2344

———————

TERESA COLLINS,

Appellant

v.

THE PHILADELPHIA HOUSING AUTHORITY; CARL GREEN;
MICHAEL LEITHEAD; LINDA STALEY; JAMES JONES,
INDIVIDUALLY AND AS CORPORATE OFFICIALS FOR
THE PHILADELPHIA HOUSING AUTHORITY

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 03-02500)
District Judge:  Honorable John P. Fullam

———————

Submitted under Third Circuit LAR 34.1(a)
March 7, 2005

BEFORE:  SCIRICA, Chief Judge, ROTH and GREENBERG, Circuit Judges

(Filed:   March 30, 2005)

———————

OPINION OF THE COURT

———————

GREENBERG, Circuit Judge.

This matter comes on before this court on appeal from an order entered May 4,

2004, granting summary judgment to the defendant Philadelphia Housing Authority and certain of its officers in this action in which plaintiff-appellant, Teresa Collins, the former director of the Authority's Head Start Program, sought relief under federal and Pennsylvania law on the theory that the defendants retaliated against her by terminating her employment because she registered her opposition to and protested defendants' misuse of public funds and illegal activities. The district court in a memorandum opinion dated April 26, 2004, granted defendants summary judgment because it determined that even though Collins had complained about defendants' activities to the Authority's Office of the Inspector General, the persons who made the decision to terminate her had been unaware of her complaints before they made the termination decision.

The district court had jurisdiction under 28 U.S.C. §§ 1331, 1343 and 1367, and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review on this appeal, see Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995), and thus may affirm only if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, show that there is no genuine issue as to any material fact and defendants are entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). After our review of this matter, we are in full accord with the district court as the evidence cannot support a conclusion that the defendants' denial that they lacked knowledge of Collins' complaint before her termination is not true. Thus, this case must fail on the causation issue.

The order of May 4, 2004, will be affirmed.

_____